**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OUR CHILDREN'S EARTH
FOUNDATION; ECOLOGICAL RIGHTS
FOUNDATION,

        Plaintiffs - Appellants,

  v.

MICHAEL S. REGAN, Administrator of
the United States Environmental Protection
Agency; MARTHA GUZMAN
ACEVES, Regional Administrator of
Region 9 of U.S.; UNITED STATES
ENVIRONMENTAL PROTECTION
AGENCY,

        Defendants - Appellees.

No. 24-3735

D.C. No.
3:24-cv-00286-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted March 6, 2025
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.

The Clean Water Act (CWA) authorizes citizens to sue to enforce the statute.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*See* 33 U.S.C. § 1365(a). But the statute also aims to avoid burdening the federal courts with unnecessary citizen suits. *Cf. Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989). To balance these goals, the CWA requires citizens to provide a reasonably specific notice of alleged violations to the government at least sixty days before suing, which allows the agency to take corrective action before a suit is filed. 33 U.S.C. § 1365(b); *see Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800–01 (9th Cir. 2009).

Here, the district court dismissed the lawsuit filed by Our Children's Earth Foundation and Ecological Rights Foundation (together, "OCE"), ruling that OCE had failed to send an adequate pre-suit notice before suing. We review de novo and affirm the dismissal. *See id.* at 799.

In November 2023, OCE sent a pre-suit notice letter to the Administrator of the U.S. Environmental Protection Agency ("EPA"), alleging that the EPA had not published and annually revised "a list of all applicable water quality standards as required by . . . 33 U.S.C. § 1314(a)(6)."[1] *See also* 33 U.S.C. §§ 1365(a)(2), 1365(b)(2). But OCE's description of the alleged failure was ambiguous: "[t]he

---

[1] "The Administrator shall, within three months after December 27, 1977, and annually thereafter, for purposes of section 1311(h) of this title publish and revise as appropriate information identifying each water quality standard in effect under this chapter or State law, the specific pollutants associated with such water quality standard, and the particular waters to which such water quality standard applies." 33 U.S.C. § 1314(a)(6).

water quality standard list You have last published is incomplete, substantially out of date and inaccurate . . . ." *Cf.* 40 C.F.R. § 135.3(b). OCE later filed its citizen suit in the Northern District of California.

The district court dismissed OCE's complaint without prejudice, holding that its pre-suit notice "ultimately failed to inform Defendants about their purported violations." This was because OCE argued that the last published "list" was flawed "while simultaneously failing to specify to which list it [was] referring." OCE mistakenly believed that the EPA was relying on lists from 1978 and 1982 to comply with § 1314(a)(6). Meanwhile, the EPA's position was that its website provides the information necessary to comply with § 1314(a)(6). But OCE did not mention the 1978 or 1982 lists in its pre-suit notice, and it only later learned of the EPA's position regarding its website. "The clear ambiguity in what Plaintiffs meant versus what Defendants understood by the 'last published' list means there was a fundamental misunderstanding such that Defendants would not be able to abate the alleged violation." Therefore, the district court ruled that OCE's notice lacked "reasonable specificity" for purposes of 33 U.S.C. § 1365(b), *see* 40 C.F.R. § 135.3(b), and dismissed the case.

We affirm the dismissal because OCE's pre-suit notice did not reasonably specify what water quality standard information was flawed or erroneous. Having chosen to identify a "list," OCE should have at minimum described with reasonable

specificity to what they were referring so that the EPA could make any necessary corrections and avert a possible lawsuit.  Otherwise, the EPA would be deprived of the opportunity to take corrective measures to come into compliance with § 1314(a)(6).  *See Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522 (9th Cir. 1998) ("At a minimum, however, Southwest was obligated to provide sufficient information of a violation so that the Secretary of Reclamation could identify and attempt to abate the violation.").  Because the notice did not specify which "list" was flawed, OCE's pre-suit notice failed to inform the EPA about their purported violations under the CWA, and the suit must be dismissed.

The statutory structure of the Clean Water Act underscores the integral role of the pre-suit notice.  By allowing citizen suits, Congress wanted private citizens to ensure that the EPA lived up to its statutory obligations.  33 U.S.C. § 1365(a); *see Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987).  But that statutory goal was balanced by a pre-suit notice requirement that encouraged dialogue and non-litigation resolutions.  *See* 33 U.S.C. § 1365(b).  In other words, Congress did not want private parties to race to the courthouse, incur substantial costs, and then seek attorney's fees from the taxpayers—if the parties could resolve the problem without such costs.  *See Hallstrom*, 493 U.S. at 29.  A sufficiently detailed pre-suit notice could have helped to ensure compliance without litigation

costs in this case.

**AFFIRMED.**